UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X          **Docket No.: 22-cv-06162**
LUIS FERNANDEZ,

                                                                    Plaintiff,

                        -against-

CITY OF ROCHESTER, POLICE SGT. OSIPOVITCH, in
his/her individual and official capacity, POLICE OFFICER
VAUGHN, in his/her individual and official capacity,
POLICE OFFICER JIMENEZ, in his/her individual and
official capacity, POLICE T/SGT. ALEXANDER, in his/her
individual and official capacity, POLICE OFFICER
JOHNSON, in his/her individual and official capacity,
POLICE INVESTIGATOR R. HICKEY, in his/her
individual and official capacity, POLICE SGT. INCE, in
his/her individual and official capacity, POLICE SGT.
FLANAGAN, in his/her individual and official capacity,
CITY OF ROCHESTER POLICE OFFICER JOHN DOES
#1-10 (fictitiously named), in their individual and official
capacities, MONROE COUNTY, MONROE COUNTY
DEPUTY SHERIFF JOHN DOES #11-20 (fictitiously
named), in their individual and official capacities, TOWN OF
OGDEN, TOWN OF OGDEN POLICE OFFICER JOHN
DOES #21-30 (fictitiously named), in their individual and
official capacities, TOWN OF GATES, TOWN OF GATES
POLICE OFFICER JOHN DOES #31-40 (fictitiously
named), in their individual and official capacities,

                                                                    Defendants.
----------------------------------------------------------------------- X


**<u>Plaintiff's Proposed Jury Instructions</u>**

1

## **TABLE OF CONTENTS**

**1. Civil Actions Under 42 U.S.C. § 1983**……………………………………………………3

**2. Burden of Proof under Section 1983**……………………………………………….…4

**3. Elements of a Section 1983 Claim Generally**……………………………………………5

**4. Second Element—Deprivation of Right**……………………………………………………6

**5. Third Element—Proximate Cause—Generally**………………………………………...8

**6. Violation of Right Under Fourth and Fourteenth Amendments-Excessive Force**……...9

**7. Violation of Right Under Fourth and Fourteenth Amendments- Failure to Intervene Claim**…………………………………………………………………………………...11

**8. Impeachment Through Inconsistent Statements**……………………………………….13

**9. Compensatory Damages**…………………………………………………………………14

**10. Punitive Damages**………………………...……………………………………….......16

**COURT'S INSTRUCTION NO. 1 RE:**
**Civil Actions Under 42 U.S.C. § 1983**[1]

The law to be applied in this case is the federal civil rights law, which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.

Section 1983 of Title 42 of the United States Code states:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges, and immunities secured to them by the United States Constitution and federal statutes.  Before section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court.  In enacting this statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

---

[1] Matthew Bender, Modern Federal Jury Instructions, Forms 87-65,87-66. (citing *United States Supreme Court: Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982); *Imbler v. Pachtman,* 424 U.S. 409 (1976); *Mitchum v. Foster*, 407 U.S. 225 (1972); *Monroe v. Pape*, 365 U.S. 167 (1961)).

## COURT'S INSTRUCTION NO. 2 RE:
### Burden of Proof under Section 1983[2]

Shortly I will instruct you on the elements of Plaintiff's Section 1983 claim.

The Plaintiff has the burden of proving each and every element of his Section 1983 claims by a preponderance of the evidence.  If you find that any one of the elements of Plaintiff's Section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the Defendants.

---

[2] Matthew Bender, Modern Federal Jury Instructions, Form 87-67 (citing *Gomez v. Toledo*, 446 U.S. 635 (1980)).

## COURT'S INSTRUCTION NO. 3 RE:
## Elements of a Section 1983 Claim—Generally[3]

To establish a claim under section 1983, Plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

(1) that the conduct complained of was committed by a person acting under color of state law;

(2) that the conduct deprived the Plaintiff of rights, privileges, or immunities secured by the Constitution or laws or the United States; and

(3) that the Defendants' acts were the proximate cause of the injuries and consequent damages sustained by the Plaintiff.

It is not disputed that the Defendants were acting under the color of state law and therefore you need not deliberate on the first element. I shall now examine each of the remaining elements in greater detail.

---

[3] Matthew Bender, Modern Federal Jury Instructions, Form 87-68 (citing *Parratt v. Taylor,* 451 U.S. 527 (1981); *Eagleston v. Guido*, 41 F.3d 865 (2d Cir. 1994)).

**COURT'S INSTRUCTION NO. 4 RE:**
**Second Element—Deprivation of Rights[4]**

The second element of Plaintiff's claims are that he was deprived of a federal right by the Defendants. The Plaintiff alleges that his rights under the Fourth and Fourteenth Amendments to the United States Constitution were violated by Defendants using excessive force on him and that they failed to intervene against the use of excessive force.[5]

In order for Plaintiff to establish this element, Plaintiff must establish the following three things by a preponderance of the evidence:

1) that the Defendants committed the acts alleged by Plaintiff;

2) that, in performing the acts alleged, the Defendants acted intentionally or recklessly; and

3) that those acts caused Plaintiff to suffer the loss of a federal right.

Commission of the Acts is fairly simple and means exactly what it says: Plaintiff must prove that Defendants actually committed the acts alleged.

Plaintiff must prove, by a preponderance of the evidence, that one or more of the Defendants intentionally or recklessly committed the alleged acts. An act is intentional if it is done knowingly, that is if it is voluntarily or deliberately, and not because of mistake, accident, negligence, or other innocent reason. An act is reckless if it is done in conscious disregard of its

---

[4] Matthew Bender, Modern Federal Jury Instructions, Form 87-74[3] (citing *Conn v. Gabbert*, 526 U.S. 286 (1999); *Maine v. Thiboutot*, 488 U.S. 1 (1980); *Martinez v. California*, 444 U.S. 277 (1980); *Baker v. McCollan*, 443 U.S. 137 (1979); *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978)) and Form 87-99A (citing *White Plains Towing Corp. v. Patterson*, 991 F.2d 1049 (2d Cir.), *cert. denied*, 114 S. Ct. 185 (1993)).

[5] "By the plain terms of § 1983, two – and only two – allegations are required in order to state a cause of action under that statute. First, the Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see also, e.g.*, *Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) ("A prima facie case under § 1983 requires a Plaintiff to demonstrate: (1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law.").

known probable consequences. If you find that the Defendants committed any of the alleged acts by mistake, accident, negligence, or any other innocent reason, then this element is not met.

Lastly to evidence deprivation of rights, Plaintiff must prove, by a preponderance of the evidence, that those intentional or reckless acts committed by one or more Defendant caused Plaintiff to suffer the loss of a constitutional right. In this case, the Plaintiff alleges that he suffered the loss of rights under the Fourth and Fourteenth Amendments of the United States Constitution.

## **COURT'S INSTRUCTION NO. 5 RE:**
### **Third Element—Proximate Cause—Generally**[6]

The third element which Plaintiff must prove is that the Defendants' acts were a proximate cause of the injuries he sustained.  Proximate cause means that there must be a sufficient causal connection between the act or omission of a Defendant and any injury or damage sustained by the Plaintiff.  An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the Defendant's act or omission.  In order to recover damages for any injury, the Plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the Defendant(s).

A proximate cause need not always be the nearest cause either in time or in space.  In addition, there may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

---

[6] Matthew Bender, Modern Federal Jury Instructions, Form 87–79 (citing *Grivhan v. Western Line Consolidates School Dist.*, 439 U.S. 410 (1979); *Mt. Healthy City School District Board of Educ. v. Doyle*, 429 U.S. 274 (1977)).

**COURT'S INSTRUCTION NO. 6 RE:**
**Violation of Rights Under Fourth and Fourteenth Amendments—Excessive Force[7]**

As to the claim for the constitutional violation of excessive force, when being arrested under the Fourth Amendment to the United States Constitution, a person has a constitutional right to be free of excessive force when arrested. With regard to the claim of excessive force, you are instructed that every person has the right not to be subjected to unreasonable force while being arrested by a law enforcement officer, even though such arrest is otherwise made in accordance with the law. Whether or not the force used in making the arrest was unnecessary or unreasonable is an issue to be determined in light of all the surrounding circumstances, on the basis of that degree of force a reasonable police officer would have applied in effecting the arrest, under the circumstances disclosed in this case. In this case, where the parties' factual contentions are disputed, you must consider the question of what events actually occurred, and whose version of the events you will accept. You must then determine, on the basis of your findings as to the events that occurred, whether the force used to apprehend the Plaintiff was that kind and degree of force that was reasonable in the circumstances. In answering this question, namely, whether the force exercised was reasonable, you should consider the facts and circumstances as you find them to be, including such factors as whether the Plaintiff posed an immediate threat to the safety of the Defendant police officers, himself, or others and whether the Plaintiff was actively resisting arrest at the time the alleged excessive force was applied. In the course of their duty, police officers making an arrest may only use reasonable force – not excessive force. The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Excessive force claims are evaluated for objective

---

7 Tennessee v. Garner, 471 U.S. 1, 8 (1985); Graham v. Conner, 490 U.S. 386, 395 (1989); Saucier v. Katz, 533 U.S. 194, 207 (2001), Section 1983 Litigation, Second Edition, Aspen Publishers, § 3.01, § 7.01

9

reasonableness based upon the information the officers had when the conduct occurred. In sum, if you find that the Plaintiff has established, by a preponderance of the credible evidence, that the Defendants used excessive force in placing Plaintiff under arrest, then the Plaintiff is entitled to recover from the Defendants for the injuries and damages caused by such excessive force. However, if you find that the Plaintiff has failed to establish, by a preponderance of the credible evidence, that the Defendants used excessive force in effecting the arrest, then your verdict will be in favor of the Defendants on the Plaintiff's Section 1983 claim alleging excessive force.

**COURT'S INSTRUCTION NO. 7 RE:**
**Violation of Rights Under Fourth and Fourteenth Amendments—Failure to Intervene Claim[8]**

As you know, at the time of the acts in question, the Defendants were acting in their capacity as law enforcement officers. All law enforcement officers have an affirmative duty to intervene to protect the constitutional rights of individuals from infringement by other law enforcement officers in their presence. This means that if an officer witnesses another officer violating a constitutional right of a civilian, the first officer has an affirmative duty to stop the violation. The officer's failure to do so would make him/her liable for the preventable harm proximately caused by the other officer's conduct.

This duty only arises, however, if the officer has a realistic opportunity to intervene to prevent the violation from occurring. In other words, if you find that the officer did not have sufficient time to intervene on the individual's behalf, then you should not hold the police officer liable for failing to intervene.

The foundation behind the failure to intervene theory of liability is that nonfeasance can be a form of personal involvement in another person's misconduct.[9] Plaintiff must establish, by a preponderance of the evidence, that an officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know:

(1) that Plaintiff's rights were being violated;

(2) that the Defendants had a duty to intervene;

---

[8] Matthew Bender, Modern Federal Jury Instructions, Form 87-68 (citing *Parratt v. Taylor,* 451 U.S. 527 (1981); *Eagleston v. Guido*, 41 F.3d 865 (2d Cir. 1994)).
[9] *Sanchez v. City of Chicago*, 700 F.3d 919, 927 (7th Cir. 2012).

(4) the officer had a realistic opportunity to intervene to prevent the harm from occurring; and

(5) that the Defendants failed to take reasonable steps to prevent the violations of the Plaintiff's constitutional rights.[10]

---

[10] *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). "It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Anderson v. Branen,* 17 F.3d 552, 557 (2d Cir. 1994). An officer who fails to intercede in the use of excessive force or another constitutional violation is liable for the preventable harm caused by the actions of other officers. *Id.* Whether the officer had a "realistic opportunity" to intervene is normally a question for the jury, unless, "considering all the evidence, a reasonable jury could not possibly conclude otherwise." *Id.*

**COURT'S INSTRUCTION NO. 8 RE:**
**Impeachment Through Inconsistent Statements**[11]

You have heard evidence that, at some earlier time, the witness has said or done something which counsel argues is inconsistent with the witness' testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted him/herself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent and, if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

---

[11] 9th Cir. Civ. Jury Instr. 12.06 (2017).

13

**COURT'S INSTRUCTION NO. 9 RE:**
**Compensatory Damages[12]**

If you find that the Plaintiff has established any of his claims, you may award him compensatory damages for injuries such as pain and suffering, emotional pain, inconvenience, mental anguish, and loss of enjoyment of life. There is no requirement that a claim of emotional distress be supported by proof of expenses, lost earnings, or specifically measurable damages. No expert testimony is necessary to prove such harm, and you may rest your findings solely on Plaintiff's testimony. If you find for Plaintiff, you should compensate him for any personal injuries, and emotional pain and suffering which resulted from the wrongful conduct you will have determined occurred. And this includes any physical, emotional or mental anguish, and general loss of the capacity to enjoy life, which he has experienced and which you find from the evidence he is likely to experience as a proximate result of the incidents he has complained of, as well as damages for past pain and suffering as well as for future pain and suffering.

Evidence of the value of such intangible things as physical, mental pain or suffering, or anguish need not be introduced because, in that respect, it is not value you are trying to determine. Rather, you are trying to determine an amount that would fairly compensate Plaintiff for the injuries he sustained. There is no exact standard for fixing compensation to be awarded on account of such injuries. You may evaluate physical pain, mental anguish, and pain and suffering in light

---

[12] Carey v. Piphus, 435 U.S. 247, 263-64 & n.20 (1978); 42 U.S.C. § 2000e-5(g), as amended by the Civil Rights Act of 1991; Miner v. City of Glens Falls, 999 F.2d 655, 663 (2d Cir. 1993); Carrero v. New York City Housing Auth., 890 F.2d 569, 581 (2d Cir. 1989); Batavia Lodge No. 196 v. New York State Div. of Human Rights, 35 N.Y.2d 143, 146-47, 316 N.E.2d 318, 319-20, 359 N.Y.S.2d 25, 27-28 (1974); New York City Transit Auth. v. State Div. of Human Rights, 78 N.Y.2d 207, 216, 577 N.E.2d 40, 41,573 N.Y.S.2d 49, 54 (1991); Sogg v. American Airlines, Inc., 193 A.D.3d 153, 163, 603 N.Y.S.2d 21, 24 (1st Dep't 1993).

14

of your own everyday experiences as aware and mature people. Any award that is made should be

fair and just in light of all of the evidence.

## COURT'S INSTRUCTION NO. 10  RE:
### Punitive Damages[13]

In addition to actual damages, the law permits the jury, under certain circumstances, to award the injured person punitive damages against individually named defendants, in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If the Plaintiff proves, by a preponderance of the evidence in the case, that he is entitled to a verdict for actual damages, and you further find that the act or omission of the Defendants which proximately caused injury or damage to the Plaintiff was maliciously, or wantonly, or oppressively done, then you may add to the award of actual damages such amount as you shall unanimously agree to be proper as punitive damages.

An act or a failure to act is "maliciously" done if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward all persons in the group or category of which the injured person is a member.

An act or a failure to act is "wantonly" done if done in reckless or callous disregard of, or indifference to, the rights of the injured person.

An act or a failure to act is "oppressively" done if done in a way or manner which injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness or misfortune of another person.

Whether or not to make an award of punitive damages, in addition to actual damages, is a matter exclusively within the province of the jury, if you unanimously find, by a preponderance of

---

[13] Smith v. Wade, 461 U.S. 30, 56, 103 S.Ct. 1625 (1983); Zarcone v. Perry. 572 F.2d 52, at 54; 0'Neil v. Krzeminski, 839 F.2d 9 at 13.

16

the evidence in the case, that the Defendants acts which proximately caused actual damage to the Plaintiff, was maliciously or wantonly or oppressively done. However, you should always bear in mind that such extraordinary damages may be allowed only if you should first unanimously award the Plaintiff a verdict for actual or compensatory damages. In addition, you should also bear in mind, not only the conditions under which, and the purposes for which, the law permits an award of punitive damages to be made, but also the requirement of the law that the amount of such extraordinary damages, when awarded, must be fixed with calm discretion and sound reason, and must never be awarded or fixed in amount, because of any sympathy, or bias, or prejudice with regard to any party in the case.

It is entirely up to you to decide whether or not punitive damages should be awarded. In this respect, you have considerable discretion. You may decide that even though compensatory damages have been awarded, you believe that no punitive damages are called for.

I can give you no objective yardstick for measuring punitive damages. You will have to use your own common sense and experience and determine what amount would be appropriate.

However, the amount of punitive damages should be fair and reasonable and should be proportionate to the need to punish the Defendants and to deter them and others from like conduct, but should not be based on whim or on unrestrained imagination.

Dated:  Garden City, New York
        June 5, 2026

                    **HORN WRIGHT, LLP**
                    *Attorneys for Plaintiff*

        By:     /s/*Pablo A. Fernandez*
                Pablo A. Fernandez
                400 Garden City Plaza, Suite 500
                Garden City, New York 11530
                Tel: 516.355.9696
                Email: paf@hornwright.com

17