UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
LUIS FERNANDEZ,

                                  Plaintiff,

-against-

CITY OF ROCHESTER, POLICE SGT. OSIPOVITCH, in his/her individual and official capacity, POLICE OFFICER VAUGHN, in his/her individual and official capacity, POLICE OFFICER JIMENEZ, in his/her individual and official capacity, POLICE T/SGT. ALEXANDER, in his/her individual and official capacity, POLICE OFFICER JOHNSON, in his/her individual and official capacity, POLICE INVESTIGATOR R. HICKEY, in his/her individual and official capacity, POLICE SGT. INCE, in his/her individual and official capacity, POLICE SGT. FLANAGAN, in his/her individual and official capacity, CITY OF ROCHESTER POLICE OFFICER JOHN DOES #1-10 (fictitiously named), in their individual and official capacities, MONROE COUNTY, MONROE COUNTY DEPUTY SHERIFF JOHN DOES #11-20 (fictitiously named), in their individual and official capacities, TOWN OF OGDEN, TOWN OF OGDEN POLICE OFFICER JOHN DOES #21-30 (fictitiously named), in their individual and official capacities, TOWN OF GATES, TOWN OF GATES POLICE OFFICER JOHN DOES #31-40 (fictitiously named), in their individual and official capacities,

                                  Defendants.
------------------------------------------------------------------------- X

**Docket No.: 22-CV-06162**

**PLAINTIFF'S PRE-TRIAL STATEMENT**

Plaintiff LUIS FERNANDEZ, by his attorneys, Horn Wright LLP, sets for the following

Pre-Trial Submission for the Court's consideration:

## I. CLAIMS TO BE PURSUED AT TRAIL

1. 42 USC §1983 – Fourth and Fourteenth Amendments – Excessive Force against Police

   Officer Jimenez, as alleged in the first count of Plaintiff's Complaint.

2. 42 USC §1983 – Fourth and Fourteenth Amendments – Failure to Intervene against

1

Defendants Police Sgt. Osipovitch and Police Officer Vaughn, as alleged in the second count of Plaintiff's Complaint.

## II. DAMAGES CLAIMED

Plaintiff is seeking compensatory damages in an amount no less than $450,000 and punitive damages in an amount no less than $75,000 per Defendant.

## III.  EXPERT TESTIMONY

Plaintiff does not intend on calling an expert witness at trail

## IV.  DEPOSITION TESTIMONY

Pursuant to Rule 32 of the Federal Rules of Civil Procedure, "Use of Depositions in Court Proceedings," specifically, Rule 32(a)(1) and (2), Plaintiff reserves the right to use any portion of the deposition testimony taken in the instant action.

## V.  *IN LIMINE* ISSUES

Plaintiff intends on filing a motion *in limine* to preclude Defendants' expert, Trent O'Brien from testifying at trial pursuant to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 586, 113 S. Ct. 2786, 2793, 125 L Ed 2d 469 [1993] and FRE 702.

Dated: Garden City, New York
June 6, 2026

Respectfully submitted,
**HORN WRIGHT, LLP**
*Attorneys for Plaintiff, Luis Fernandez*

By:    /s/*Pablo A. Fernandez*
Pablo A. Fernandez
400 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: 516.355.9696
paf@hornwright.com

2